### UNITED STATES v. ONE GASOLINE LAUNCH.

(Circuit Court of Appeals, Ninth Circuit. November 7, 1904.)

No. 1,060.

1. SHIPPING—LAUNCH ENTERING SEATTLE FROM BRITISH COLUMBIAN PORT—DUTY TO REPORT.

An "open, clinker-built gasoline launch, about eighteen and a half feet long," arriving at Seattle from a port of British Columbia, and not shown to be a foreign vessel or to contain merchandise, is not required to report to the customs officer of the port, under the provision of Rev. St. § 2774 [U. S. Comp. St. 1901, p. 1862], requiring vessels from foreign ports generally to report, but is within Rev. St. § 3097 [U. S. Comp. St. 1901, p. 2025], relating to commerce with contiguous countries, which require only vessels carrying dutiable merchandise, arriving at ports on the northern and northwestern frontier adjacent foreign territory to report; nor is she required to report by section 3109 [U. S. Comp. St. 1901, p. 2030], which applies only to foreign vessels "laden or in ballast."

Morrow, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Northern Division of the District of Washington.

Jesse A. Frye, U. S. Atty., and Edward E. Cushman, Asst. U. S. Atty.

William Martin and W. A. Keene, for appellee.

Argued before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. The boat and engine seized and sought to be forfeited in this case are described in the libel and information as "one open, clinker-built gasoline launch, about eighteen and a half feet long, and the gasoline engine thereon." The libel alleges that the launch, equipped with the engine, arrived at the port of Seattle, at which an officer of the customs then resided, on the 14th day of August, 1903, "from a foreign port, to wit, the port of Victoria, British Columbia," and that the master of the launch failed to make any report of its arrival to the customs officer at any time. The libel does not allege whether it was a foreign or domestic boat, nor does it allege that it carried any merchandise of any character. The court below sustained exceptions to the libel, and dismissed it.

The court, of course, takes judicial notice that British Columbia is a province of the Dominion of Canada, and is country adjacent or contiguous to the northwestern and western frontier of the United States. The case is therefore, in our opinion, controlled by the provisions of chapter 11 of the Revised Statutes, entitled "Provisions Applying to Commerce with Contiguous Countries," and not by section 2,774 of the Revised Statutes [U. S. Comp. St. 1901, p. 1862], upon which the libel is founded.

Section 3097 of chapter 11 [U. S. Comp. St. 1901, p. 2025] provides that:

"All vessels, boats, rafts, and carriages, or what kind soever, arriving in such districts, on the northern and northwestern frontiers, containing merchandise subject to duties, on being imported into any port of the United States, shall be reported to the collector, or other chief officer of the customs at the port of entry in the district into which it shall be so imported; and such merchandise shall be accompanied with like manifests, and like entries shall be made, by the persons having charge of any such vessels, boats, rafts, and carriages, and by the owners or consignees of the merchandise laden on board the same; and the powers and duties of the officers of the customs shall be exercised and discharged in the districts last mentioned, in like manner as is prescribed in respect to merchandise imported in vessels from the sea; and generally, all such importations shall be subject to like regulations, penalties, and forfeitures as in other districts, except as is hereinafter specially provided."

This is the section which, in our opinion, applies to the present case; and the trouble with the libel is that it does not charge that the launch carried any merchandise subject to duty—probably for the reason that it was a pleasure boat, and did not carry any merchandise at all.

The case does not, we think, fall within the provisions of section 3109 of chapter 11 of the Revised Statutes [U. S. Comp. St. 1901, p. 2030]: First, because the libel does not show that the launch in question was a foreign vessel; and, next, because that section, by its very terms, applies only to foreign vessels "laden or in ballast," which latter terms are manifestly inapplicable to a little, "open, clinker-built gasoline launch, about eighteen and a half feet long."

The judgment is affirmed.

MORROW, Circuit Judge. I dissent. The libel is based upon section 2774 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 1862], which provides, among other things, as follows:

"Within twenty-four hours after the arrival of any vessel, from any foreign port, at any port of the United States established by law, at which an officer of the customs resides, * * * if the hours of business at the office of the chief officer of the customs at such port will permit, * * * the master shall repair to such office, and make report to the chief officer of the arrival of the vessel. * * *"

The word "vessel" is defined by section 3 of the Revised Statutes [U. S. Comp. St. 1901, p. 4] as including every description of water craft or other artificial contrivance used or capable of being used as a means of transportation by water.

This is the general statute upon the subject requiring all vessels arriving from any foreign port at any port of the United States to report to the chief officer of the customs, and under its provisions the

libel in this case stated a cause of action. But to this statute there are certain exceptions. War vessels and other public vessels belonging to this or any foreign state are not required to report or make entry at the customhouse. Section 2791, Rev. St. [U. S. Comp. St. 1901, p. 1870]. Vessels used exclusively as ferryboats, carrying passengers, baggage, and merchandise, are not required to enter and clear, but upon arrival in the United States they are required to report baggage and merchandise to the proper officer of the customs. Section 2792, Rev. St. [U. S. Comp. St. 1901, p. 1870]. Steam tugs enrolled and licensed to engage in the foreign and coasting trade on the northern, northeastern, and northwestern frontiers of the United States, when exclusively employed in towing vessels, are not required to report and clear at the customhouse. But when such tugs are employed in towing rafts or other vessels without sail or steam motive power, not required to be enrolled or licensed, they are required to report and clear in the same manner as other vessels. Section 3123, Rev. St. [U. S. Comp. St. 1901, p. 2035].

These exceptions clearly do not include an "open, clinker-built gasoline launch, about eighteen and a half feet long." But it is said that it comes within the provisions of sections 3095 to 3098 of the Revised Statutes [U. S. Comp. St. 1901, pp. 2025, 2026], which provide, among other things, in section 3097, that:

"All vessels, boats, rafts, and carriages, of what kind soever, arriving in such districts, on the northern and northwestern frontiers, containing merchandise subject to duties, on being imported into any port of the United States, shall be reported to the collector, or other chief officer of the customs at the port of entry in the district into which it shall be so imported; and such merchandise shall be accompanied with like manifests, and like entries shall be made, by the persons having charge of any such vessels, boats, rafts, and carriages, and by the owners or consignees of the merchandise laden on board the same; and the powers and duties of the officers of the customs shall be exercised and discharged * * * in like manner as is prescribed in respect to merchandise imported in vessels from the sea."

Section 3098 provides a modification with respect to the entry of merchandise arriving in vessels not registered from such adjacent territory. The former section requires an entry and the production of a manifest when a vessel or boat arrives with merchandise subject to duty at the port of entry into which the merchandise is to be imported. The latter section requires the delivery of the manifest at the port nearest the boundary line, or nearest the road or waters by which such merchandise is brought. These two sections clearly relate to vessels containing merchandise subject to duty, and in no way apply to vessels not containing such merchandise, and cannot properly be construed as exempting the latter vessels from the report required by section 2774. This construction of the statute appears to me to be supported by the provisions of section 3109 [U. S. Comp. St. 1901, p. 2030] relating to foreign vessels. These vessels, like vessels of the United States not registered, whether laden or in ballast, arriving in the waters of the United States from foreign territory adjacent to the northern, northeastern, or northwestern frontiers of the United States, must be reported by the master at the office of the collector or deputy collector of customs which shall be nearest to the port at which such vessel

may enter such waters; and it is further provided that such vessel shall not proceed farther inland, either to unload or take in cargo, without a special permit from such collector or deputy collector.

So far as the record in this case discloses, the customs officers found this vessel, on its arrival from contiguous foreign territory, unreported, and without register, enrollment, or license, and without any means of determining its character or nationality. It was accordingly seized as forfeited for violation of law. It was manifestly impossible for the United States to furnish any further information in its libel concerning this vessel; and, in the absence of a claim, and evidence in its support, showing that it was entitled to exemption under some statute of the United States, I do not see how it can be held exempt. I am not able, therefore, to say that the libel does not state facts sufficient to entitle the United States to maintain the action.